IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Criminal Case No. 1:22-cr-00353-CNS

UNITED STATES OF AMERICA,

    Plaintiff,

v.

2.  YOLANDA SALENA CORONADO

    Defendant.

---

# ORDER

---

This matter comes before the Court on Defendant Yolanda Salena Coronado's Motion to Revoke Detention Order (ECF No. 64). For the following reasons, the motion is DENIED.

## I. BACKGROUND

On December 6, 2022, Ms. Coronado was indicted on three counts related to alleged conspiracy to possess and distribute controlled substances, including methamphetamine and fentanyl (*see* ECF No. 15). On December 8, 2022, Ms. Coronado was arrested and had her initial appearance (ECF Nos. 19, 22). At that hearing, the government did not seek pretrial detention; instead, Ms. Coronado was released on bond subject to conditions (ECF Nos. 27, 28). Pertinent here, her conditions of pretrial release included that she could not "violate federal, state, or local law while on release," and that she could not "use or unlawfully possess a narcotic drug or other controlled substances . . . unless prescribed by a licensed medical practitioner" (*see* ECF No. 28 at 1, 2).

On May 12, 2023, the United States Probation Office petitioned for an arrest warrant, alleging that Ms. Coronado had violated her pretrial release conditions (ECF No. 48). The pretrial services officer alleged that on May 11, 2023, Ms. Coronado had been arrested and charged with felony-level distribution of fentanyl in Denver County District Court (Case No. 23CR2696) (*id.* at 1). The pretrial services officer further alleged that on multiple dates spanning from December 19, 2022, through May 3, 2023, Ms. Coronado submitted to urinalysis testing that came back positive for controlled substances, including methamphetamine and cocaine (*id.* at 1–2).[1]

On May 18, 2023, Ms. Coronado was arrested and, following a hearing on May 23, 2023, during which Ms. Coronado did not contest detention, the United States Magistrate Judge revoked Ms. Coronado's pretrial release conditions and ordered her detained pending trial (*see* ECF Nos. 54, 56). In her written order of detention, the Magistrate Judge specifically found that Ms. Coronado had been "charged with violating the conditions of her supervised release by violating the law and using or possessing narcotic drugs or other controlled substances," and that she was "not contesting detention" (ECF No. 56 at 3).

On September 14, 2023, Ms. Coronado filed the instant revocation motion (ECF No. 64). As ordered by the Court, the government filed its response on September 21, 2023 (ECF No. 66). On October 12, 2023, the Court held a hearing and heard oral argument on the motion (ECF No. 68).

## II. LEGAL STANDARD

Under 18 U.S.C. § 3148, a criminal defendant who has been released pretrial, and who has violated a condition of their release, may be subject to a revocation of release and an order of

---

[1] The record reflects that on January 25, 2023, her conditions of release were modified to require substance abuse treatment, and she was referred to Independence House, a treatment facility where she participated in weekly individual substance abuse counseling (*see* ECF Nos. 44, 48 at 2).

detention. Under that statute, the court must enter an order of revocation and detention if, after a hearing, the court finds either probable cause to believe that the defendant has committed a federal, state, or local crime while on release, or clear and convincing evidence that the defendant has violated any other condition of release. Section 3148 further provides that, prior to entry of an order of revocation and detention, the court must find either that (i) based on the factors set forth in 18 U.S.C. § 3142(g), there is no condition or combination of conditions that will assure that the defendant will not flee or pose a danger to the safety of any other person or the community, or (ii) the defendant is unlikely to abide by any condition or combination of conditions of release.

Pertinent here, if a defendant is ordered detained by a magistrate judge, they may file with the district court a motion to revoke the detention order. *See* 18 U.S.C. § 3145(b). The district judge then reviews the magistrate judge's detention order de novo. *See, e.g., United States v. Renander*, 431 F.Supp.3d 1240, 1241 (D. Colo. 2020). In conducting its de novo review of the magistrate judge's detention order, the district judge may consider the evidence presented during the original detention hearing and "may permit the parties to submit new evidence." *United States v. Mendoza-Haro*, No. 12-cr-00242-WJM, 2013 WL 12196762, at *1 (D. Colo. Mar. 1, 2013).

### III. ANALYSIS

Having considered Ms. Coronado's revocation motion, the government's response, the Magistrate Judge's detention order, the evidence on which the Magistrate Judge based her detention determination, the arguments presented during the hearing of October 12, 2023, the entire case file, and relevant legal authority, the Court denies Ms. Coronado's revocation motion. In arriving at this conclusion, the Court engages in de novo review of the Magistrate Judge's finding that Ms. Coronado violated one or more of her pretrial release conditions, as well as her finding that assessment of § 3142(g)'s factors compelled detention (*see* ECF No. 56 at 2–3).

### A. Violation of Pretrial Release Condition(s)

First, the facts before the Magistrate Judge at the time of her detention order established that Ms. Coronado had violated one or more of her conditions of pretrial release. For one thing, the pretrial services officer reported that while on release, Ms. Coronado was arrested and charged in Denver District Court with felony-level distribution of fentanyl. That state criminal case remains pending. Pursuant to § 3148(b)(1)(A), the Magistrate Judge thus had probable cause to believe that Ms. Coronado committed a federal, state, or local crime while on release. Next, the pretrial services officer reported that on at least 12 occasions between December 19, 2022, and May 3, 2023, Ms. Coronado submitted urinalysis tests to the probation department that returned positive for controlled substances, including methamphetamine and cocaine. Under § 3148(b)(1)(B), the Magistrate Judge was presented with clear and convincing evidence that Ms. Coronado had violated a release condition, to wit, that she would not use or unlawfully possess any narcotic drug or other controlled substance.

### B. § 3142(g) Factors

Second, the factors set forth in § 3142(g) justified the Magistrate Judge's decision to revoke Ms. Coronado's pretrial release.

#### 1. Nature and Circumstances of Offenses Charged

The first § 3142(g) factor contemplates the "nature and circumstances of the offense[s] charged." § 3146(g)(1). As the government alleges, "the nature and circumstances of the offense involve a significant controlled substance violation which, if convicted, would lead to a presumptive ten-year mandatory minimum sentence" (ECF No. 66, ¶ 20). This implicates § 3142(e)'s rebuttable presumption that no conditions of release will assure Ms. Coronado's appearance and the safety of the community. *See United States v. Smith*, 647 F. App'x 863, 865

4

(10th Cir. 2016); § 3142(e)(3)(A); *see also United States v. Cisneros*, 328 F.3d 610, 618 (10th Cir. 2003) (agreeing that possession with intent to distribute narcotic drugs and other controlled substances is a "very serious" offense for purposes of the first § 3142(g) factor). Thus, this § 3142(g) factor favors detention.

### 2. Weight of Evidence Against the Person

Mindful that the government bears the burden in detention proceedings, *see Cisneros*, 328 F.3d at 616, the second § 3142(g) factor contemplates the "weight of the evidence" against the defendant. § 3142(g)(2); *see United States v. Allen*, No. 16-cr-00169-MSK-GPG, 2019 WL 2151304, at *3 (D. Colo. May 17, 2019) (noting that "weight of the evidence" factor is not a "pre-adjudication of the merits" of a case, but is considered to determine a defendant's risk of "non-appearance or harm to the community"). Here, the government alleges that "the weight of the evidence against [Ms. Coronado] is strong," but does not elaborate further (ECF No. 66, ¶ 20). Ms. Coronado does not contest this factor, however (*see generally* ECF No. 64), and the circumstances of her original arrest and the facts supporting the indictment against Ms. Coronado and her two co-defendants suggest that the "weight of the evidence" against Ms. Coronado is substantial (see ECF Nos. 1, 15). Thus, this § 3142(g) factor also favors detention.

### 3. History and Characteristics of the Person

The third § 3142(g) factor considers a defendant's history and characteristics, including, for example, their "character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history," and whether at the time of arrest the defendant was on probation, parole, or supervised release. *See* § 3142(g)(3)(A)–(B).

5

Here, the parties debate whether facts relevant to the Court's analysis of this § 3142(g) factor support detention (*compare* ECF No. 64, ¶¶ 13–18, *with* ECF No. 66, ¶¶ 8, 15, 16, 18, 19). Pertinent here, Ms. Coronado alleges that—

- Ms. Coronado is 34 years old and a lifelong CO resident. Her whole family lives in CO. At the time of her detention, she and her children were living here with her father (ECF No. 64, ¶ 13).

- Ms. Coronado has four children—ages 18, 16, 13, and 11—over whom she has legal custody and for whom she is solely responsible (*id.*, ¶ 14).

- At the time of her arrest on state drug charges, Ms. Coronado was on her way to a drug counseling session (*id.*, ¶ 15).

- Ms. Coronado's criminal case in Denver District Court is currently set for an initial appearance on October 26, 2023, and the parties in both the federal and state cases have been negotiating a global resolution of all charges (*see id.*, ¶¶ 16, 17).

- Ms. Coronado posits that "[a] period of pretrial release with conditions will allow time for she and her family to prepare for her [likely] incarceration" (*id.*, ¶ 18).

By contrast, the government alleges that Ms. Coronado's "drug usage while on bond release was continuous even though she was in treatment and being afforded multiple opportunities by the probation department to treat her addiction and remain out of custody" (ECF No. 66, ¶ 8). The government further alleges that, while on bond release, Ms. Coronado was also found to be in possession of distribution-sized quantities of both fentanyl and methamphetamine, and she was charged in state court with a serious felony—distribution of fentanyl (*id.*, ¶¶ 15, 16, 19).

Carefully weighing each of these various facts, the Court ultimately agrees with the government—although Ms. Coronado "argues that she could be given another opportunity at release by being placed in residential treatment which would give her an opportunity to spend time with her family prior to her sentence in this case and her Denver case," Ms. Coronado's "conduct while originally on release in this matter was so egregious, that further chances are not warranted" (*id.*, ¶ 18). Similarly, Ms. Coronado's desire to set her affairs in order and spend time with her

6

family prior to her likely incarceration is not a compelling reason to release her anew. *See, e.g.*, *United States v. Gassaway*, No. 1:21-cr-550-RCL, 2021 WL 4206616, at *4 (D.D.C. Sept. 16, 2021) (concluding that defense counsel's proffer that defendant was employed with a daughter "on the way" was "outweighed" by "other aspects" of defendant's criminal history in analysis of third § 3142(g) factor)). Thus, this § 3142(g) factor further favors detention.

### 4. Nature and Seriousness of Danger to Persons or Community

The final § 3142(g) factor looks to the "nature and seriousness of the danger to any person or the community that would be posed by the person's release." § 3142(g)(4). Under this § 3142(g) factor, "[s]afety to the community refers to the danger that the defendant might engage in criminal activity to the detriment of the community." *United States v. Kroeker*, No. 22-3092, 2022 WL 2610344, at *4 (10th Cir. July 8, 2022) (quotation omitted).

Here, as the government alleges, Ms. Coronado "was previously given an opportunity to remain free in the community despite the very serious nature of the charges against her. She took that opportunity and used it to violate the Court's trust in her. She continued to use controlled substances and engaged in another drug trafficking offense. That offense involved not only methamphetamine, but a significant quantity of fentanyl, one of the most dangerous substances that the community is faced with at this time" (ECF No. 66, ¶ 21). The Court agrees. Based on Ms. Coronado's criminal history and the relevant evidence in this criminal matter, if Ms. Coronado is not detained she likely will engage in criminal activity—chiefly the possession, use, and distribution of narcotics—that would pose a danger to the community's safety. *See Kroeker*, 2022 WL 2610344, at *4. Thus, this final § 3142(g) factor favors detention.

* * *

The Court has carefully considered § 3142(g)'s factors. No single factor is dispositive. *See United States v. Bean*, No. 13-cr-00120, 2013 WL 4046707, at *3 (D. Colo. Aug. 8, 2013). Although some facts counsel against detention—for instance, Ms. Coronado's family circumstances and *obvious* need for substance abuse treatment—taking all four § 3142(g) factors into consideration, these "stray facts" do not outweigh the "vast majority" of facts weighing in favor of pretrial detention. *See United States v. Trombley*, No. 22-cr-205-WJM, 2022 WL 10032574, at *7 (D. Colo. Oct. 17, 2022).

Therefore, based on the § 3142(g) factors just discussed, the Court finds that there is no condition or combination of conditions that will assure that Ms. Coronado will not flee or pose a danger to the safety of any other person or the community. Furthermore, based on Ms. Coronado's conduct during her pretrial release, the Court also finds that Ms. Coronado is unlikely to abide by any other condition or combination of conditions of release.

## IV.  CONCLUSION

Consistent with the foregoing analysis and the factors to be considered under both §§ 3148 and 3142(g), the Court AFFIRMS the Magistrate Judge's revocation and detention order (ECF No. 56), such that Ms. Coronado's Motion to Revoke Detention Order (ECF No. 64) is DENIED.

Dated this 13th day of October 2023.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge